**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DONNA GAIL JONES**                                                                 **PLAINTIFF**

v.                                              No. 3:15-CV-00156-JTR

**CAROLYN W. COLVIN,**
Acting Commissioner,
**Social Security Administration**                                              **DEFENDANT**

### ORDER AFFIRMING THE COMMISSIONER

Donna Jones ("Jones") applied for social security disability benefits with an alleged disability onset date of May 1, 2004. (R. at 115). During her administrative hearing, Jones requested the administrative law judge ("ALJ") for a closed period of disability from October 5, 2010 to May 8, 2013. (R. at 31). The ALJ denied Jones's applications, and the Appeals Council denied her request for review. (R. at 1). The ALJ's decision stands as the Commissioner's final decision, from which Jones has requested judicial review.[1]

For the reasons stated below, this Court affirms the ALJ's decision.

**I.     The Commissioner's Decision**

The ALJ found that Jones had the severe impairments of anxiety disorder and depressive disorder. (R. at 13). The impairments, neither individually nor in combination, were found to meet the listings contained in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (R. at 14).

---
[1]The parties have consented to the jurisdiction of the United States Magistrate Judge.

1

The ALJ determined that Jones had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, though she had the non-exertional limitations of being limited to work where interpersonal contact is incidental to the work performed; where the complexity of tasks is limited to one to two-step tasks that can be learned and performed by rote with few variables and little judgment; where the supervision is simple, direct, and concrete; where the job can be learned within thirty days; where the work would not require contact with the general public; and where there would be no more than occasional changes to the workplace. (R. at 15). After considering testimony from a vocational expert ("VE"), the ALJ determined that Jones could not perform any of her past relevant work but could perform other jobs such as cook helper, dish washer/kitchen helper, or housekeeper hotel. (R. at 20–22). Accordingly, the ALJ found that Jones was not disabled. (R. at 22).

II.   **Discussion**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

Jones argues that the ALJ erred by: (1) misstating her age in the decision; (2) finding that her impairments did not meet a listing; and (3) posing hypothetical questions to the VE that did not specifically include the dates of the closed period of disability.

First, in his decision, the ALJ stated that Jones was forty years old at the time of her alleged disability onset date. (R. at 21). The disability onset date originally alleged was May 1, 2004, and Jones's date of birth is July 24, 1963. (R. at 115). While the ALJ *correctly stated* Jones's age to be forty, as of the original disability onset date of May 1, 2004, he did not go on to note that she was forty-seven years old at the beginning of the alleged closed period of disability. This error was harmless and resulted in no prejudice to Jones, especially since she would properly be categorized as a "younger person," as defined in 20 C.F.R. § 404.1563 and § 416.963, whether her age was forty or forty-seven. Furthermore, Jones would have remained in the younger person category throughout the duration of the closed period of disability that she requested, which ended on May 8, 2013.

Thus, to the extent this constituted an error, it was harmless and had no effect on the ALJ's decision. *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012).

Next, Jones contends that the ALJ should have found that her impairments met listings 12.04, 12.06, and 12.08. Jones's argument is conclusory, offering no analysis and no application of law to facts. The Eighth Circuit has rejected such arguments out of hand. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005).

It is the claimant's burden to demonstrate that an impairment meets or equals a listing. *Carlson v. Astrue*, 604 F.3d 589, 592-93 (8th Cir. 2010). In order to meet listings 12.04, 12.06, or 12.08, a claimant must meet both the A criteria and B criteria. The A criteria are specific to each listing, but the B criteria are the same, requiring that the claimant show two of the following: 1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; or 4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Jones underwent two mental diagnostic evaluations, one in November 2010 and another in June 2012. Neither of those evaluations noted any marked limitations in any of the noted areas. (R. at 248–57, 325–34). A separate psychiatric review showed mild restrictions in activities of daily living and

moderate limitations in maintaining social functioning and in maintaining concentration, persistence, or pace. (R. at 348). No episodes of decompensation were noted. (R. at 348). Jones has received medication for her impairments, but she has not undergone any professional counseling or extended hospitalizations related to those impairments. Jones has provided no facts and no argument to counter this evidence.

Finally, Jones maintains that the ALJ should have noted the dates of the closed period of disability in his hypothetical questions to the VE. This argument is without merit. The ALJ's hypothetical questions were consistent with the limitations related to Jones's RFC for the closed period of disability that she claimed. Accordingly, Jones's final argument is without merit.

### III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and Jones's Complaint is DISMISSED, WITH PREJUDICE.

DATED this 1st day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE